NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN OLIVEIRA,

    Plaintiff,

v.

BOROUGH OF NORTH ARLINGTON, et al.,

    Defendants.

CIVIL ACTION NO. 15-7717 (JLL)

**OPINION**

**LINARES, District Judge**

## BACKGROUND

The plaintiff, John Oliveira, brought this action pursuant to 42 U.S.C. § 1983 (hereinafter, "Section 1983") and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 (hereinafter, "the NJCRA") against the following defendants:

(1) the Borough of North Arlington;

(2) the North Arlington Police Department (hereinafter, "NAPD");

(3) NAPD Officer Joseph Cappelluti;

(4) NAPD Officer L. Pinto; and

(5) the Bergen County Prosecutor's Office (hereinafter, "the BCPO"). (See dkt. 19.)[1]

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

The plaintiff alleges that the defendants violated his rights under the federal constitution and the New Jersey constitution when he was arrested and then charged for the arson of an automobile, and that those charges were subsequently dismissed. (See dkt. 19 at 4–8.) The plaintiff was never indicted by a Grand Jury on those charges.

The BCPO now moves pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(1) and Rule 12(b)(6) to dismiss the plaintiff's claims that are asserted against it. (See dkt. 27 through dkt. 27-5; dkt. 34; dkt. 34-1.) The plaintiff has opposed the BCPO's motion. (See dkt. 33; dkt. 33-1.)

The Court resolves the BCPO's motion to dismiss upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court grants the BCPO's motion, but dismisses the plaintiff's claims that are asserted against the BCPO without prejudice.

## DISCUSSION

### I. Standards

The Court is guided by the following standards in resolving the BCPO's motion to dismiss.

#### A. Rule 12(b)(1)

It is not necessary for this Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(1), because that standard has been already enunciated. See Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (setting forth the standard; citing

Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884 (3d Cir. 1977), Petruska v. Gannon Univ., 462 F.3d 294 (3d Cir. 2006), and Constitution Party of Pa. v. Aichele, 757 F.3d 347 (3d Cir. 2014)).

### B.     Rule 12(b)(6)

It is also not necessary for this Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(6), because that standard has been already enunciated. See Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth the standard; citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard; citing Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

### C.     Section 1983 and the NJCRA

"Section 1983 creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution." Manuel v. City of Joliet, Ill., No. 14-9496, 2017 WL 1050976, at *3 (U.S. Mar. 21, 2017) (citations and internal quotation marks omitted).

The NJCRA does the same for the federal constitution, as well as for the New Jersey constitution. See N.J.S.A. 10:6-2(c) (stating that "[a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or

whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief"). As a result, "[t]he NJCRA is interpreted as analogous to § 1983," Szemple v. Correctional Med. Servs., Inc., 493 Fed.Appx. 238, 241 (3d Cir. 2012), and a court "will analyze . . . NJCRA claims through the lens of § 1983." Trafton v. City of Woodbury, 799 F.Supp.2d 417, 444 (D.N.J. 2011); see Estate of Martin v. U.S. Marshals Serv. Agents, 649 Fed.Appx. 239, 245 n.4 (3d Cir. 2016) (holding that "it appears undisputed that Plaintiffs' claims under the New Jersey Constitution and the New Jersey Civil Rights Act trigger the same legal elements and principles as . . . [the] federal causes of action [under Section 1983]"). Thus, the Court's analysis of the plaintiff's Section 1983 claims also applies to the plaintiff's NJCRA claims in this case.

## II. The BCPO

Section 1983 and the NJCRA both enable a plaintiff to bring a civil action only against a "person" who causes a deprivation of federal and state constitutional rights under the color of state law. It is well-settled law that the prosecutor's office of a New Jersey county, such as the BCPO in this instance, is not a "person" subject to liability under Section 1983 or the NJCRA when that office is fulfilling its law enforcement and investigative roles. See Estate of Lagano v. Bergen County Prosecutor's Office, 769 F.3d

850, 854–55 (3d Cir. 2014); McKinney v. Bergen County Prosecutor's Office, No. 13-2553, 2014 WL 2574414, at *7 (D.N.J. June 4, 2014); see also Mikhaeil v. Santos, 646 Fed.Appx. 158, 161 (3d Cir. 2016), cert. denied, 2017 WL 737872 (U.S. Feb. 27, 2017); McKinney v. Passaic County Prosecutor's Office, 612 Fed.Appx. 62, 65 (3d Cir. 2015); Wilson v. Somerset County Prosecutor's Office, No. 15-6035, 2016 WL 1090811, at *7 (D.N.J. Mar. 21, 2016).

It is also well-settled law that the Eleventh Amendment bars a plaintiff from bringing claims under Section 1983 and the NJCRA against the prosecutor's office of a New Jersey county, such as the BCPO in this instance, when the conduct at issue concerns law enforcement and investigative functions on behalf of the state, because those kinds of claims are, in effect, brought against the State of New Jersey itself. See Woodyard v. County of Essex, 514 Fed.Appx. 177, 182 (3d Cir. 2013); Hyatt v. County of Passaic, 340 Fed.Appx. 833, 837–38 (3d Cir. 2009); Henry v. Jersey City Police Dep't, No. 14-5480, 2016 WL 1586875, at *5–7 (D.N.J. Apr. 20, 2016); Lopez-Siguenza v. Roddy, No. 13-2005, 2014 WL 1298300, at *7 (D.N.J. Mar. 31, 2014); Endl v. New Jersey, 5 F.Supp.3d 689, 697 (D.N.J. 2014).

The State of New Jersey has not consented to subject the BCPO to liability for claims brought under Section 1983 or the NJCRA, and the immunity afforded to the BCPO against Section 1983 claims and NJCRA claims has not been abrogated. Therefore, the Court grants the motion by the BCPO for the aforementioned reasons, and dismisses all of the plaintiff's claims that are asserted against it.

## III. Individual Capacity

However, the Court dismisses the plaintiff's claims that are asserted against the BCPO without prejudice. The plaintiff is granted leave to move to amend those Section 1983 claims and NJCRA claims in order to assert allegations against a BCPO prosecutor who was allegedly connected to the plaintiff's arrest in the individual or personal capacity only.

The plaintiff neglected to cross-move for leave to amend his claims in order to name a BCPO prosecutor in the individual capacity. However, the plaintiff explicitly acknowledges in his opposition papers to the BCPO's motion to dismiss that he failed to name an individual BCPO prosecutor, and he asks the Court for leave to amend. (See dkt. 33 at 5–6 (the plaintiff requesting that the Court dismiss the claims asserted against the BCPO without prejudice, and requesting leave to file a new complaint in order "to add the assistant prosecutor advising the police as a party"); id. at 19–20 (the plaintiff arguing that the new complaint would add claims against the assistant prosecutor who advised the NAPD concerning his arrest).)

The Court cannot discern at this juncture whether such an amendment would be futile. The employees of a New Jersey county prosecutor's office are not necessarily immune from liability for Section 1983 claims and NJCRA claims that are asserted against them in their individual capacities, even if the conduct that is the subject of the claims is part of their official duties. See Estate of Lagano, 769 F.3d at 856; see also Slinger v. New Jersey, 366 Fed.Appx. 357, 360–61 (3d Cir. 2010) (reversing a district

6

court's dismissal on the grounds of immunity of the claims that were asserted against a prosecutor and detectives who were employed by a New Jersey county prosecutor's office in their individual capacities).

## CONCLUSION

For the aforementioned reasons, this Court: (1) grants the motion by the BCPO to dismiss the plaintiff's claims that are asserted against it; (2) dismisses all of the plaintiff's claims that are asserted against the BCPO without prejudice; and (3) grants leave to the plaintiff to amend his claims.

The Court will enter an appropriate order.

JOSE L. LINARES
United States District Judge

**Dated:** April 10th, 2017