NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN OLIVEIRA, | CIVIL ACTION NO. 15-7717 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| BOROUGH OF NORTH ARLINGTON, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge

# BACKGROUND

Currently pending before the Court is the motion by the defendant Cathy Foddai, who is an assistant prosecutor with the Bergen County Prosecutor's Office (hereinafter, "the BCPO"), to dismiss the claims and the cross-claims that are asserted against her on the basis of prosecutorial immunity. (ECF No. 46.)

## I. The Allegations

The plaintiff, John Oliveira, brings this action pursuant to the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 (hereinafter, "the NJCRA") and 42 U.S.C. § 1983 (hereinafter, "Section 1983") against the following defendants: (1) the Borough of North Arlington (hereinafter, "the Borough"); (2) the North Arlington Police Department (hereinafter, "the NAPD"); (3) NAPD Officer Joseph Cappelluti; (4) NAPD Officer L.

Pinto; and (5) Foddai. (ECF No. 42 (second amended complaint); *see also* ECF No. 19 (first amended complaint).)

Oliveira alleges that the defendants violated his rights under the federal constitution and the New Jersey state constitution when he was arrested and then charged for the arson of an automobile, and that those charges were subsequently dismissed in his favor. (ECF No. 42 at 4–9.)

## II. Previous Motion Practice

By an order dated April 10, 2017 (hereinafter, "the April 2017 Order"), the Court granted the motion filed by a former defendant, the BCPO itself, to dismiss the claims that were asserted against it, because the BCPO was not a "person" subject to liability under Section 1983 or the NJCRA, and was protected by immunity. (ECF No. 36 (the April 2017 Order); *see also* ECF No. 35 (the Opinion underlying the April 2017 Order).)

However, the Court granted Oliveira leave to move to amend his Section 1983 claims and NJCRA claims in order to assert allegations against a specific BCPO prosecutor in the individual capacity only, if appropriate. (ECF No. 35 at 6.)

## III. Amended Allegations

Oliveira subsequently amended his claims to assert allegations against Foddai in her individual capacity. Oliveira alleges:

> Probable cause was established solely upon the sworn oaths of Defendant Cappelluti and Defendant Pinto.
> Defendant Pinto and Defendant Cappelluti did not have probable

cause to arrest Plaintiff solely on the basis of an obscure video that did not reasonably connect Plaintiff to a vehicle fire.

. . . .

[A]ll charges in the criminal complaint against Plaintiff . . . were dismissed in his favor.

. . . .

In the Joint Discovery Plan filed on February 10, 2016, Plaintiff learned for the first time that the Bergen County Prosecutor's Office was contacted regarding the investigation of the arson crime.

According to Defendant's [sic] statement in the Joint Discovery Plan, the Bergen County Prosecutor's Office, acting through Defendant Foddai, made a specific recommendation to arrest Plaintiff without a warrant.

Upon information, knowledge, and belief, Defendant Foddai failed to review the video evidence of the crime prior to providing a specific recommendation to arrest Plaintiff without a warrant.

(ECF No. 42 at 7–9 (paragraph numbers omitted); *see also* ECF No. 48 at 5 (Oliveira emphasizing in a brief that he is asserting claims against Foddai in her individual capacity only, and not in her official capacity).)

In addition, the Borough, the NAPD, Cappelluti, and Pinto assert cross-claims against Foddai for contribution and indemnification. (ECF No. 43 at 13.)

## IV. The Current Motion

Foddai now moves pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(1) and Rule 12(b)(6) to dismiss the claims and the cross-claims that are asserted against her on the basis of prosecutorial immunity. (ECF No. 46 through ECF No. 46-5; ECF No. 52.) Foddai's motion is opposed by Oliveira, and is separately

3

opposed by the Borough, the NAPD, Cappelluti, and Pinto. (ECF No. 47; ECF No. 47-1; ECF No. 48; ECF No. 48-1.)

The Court resolves Foddai's motion to dismiss the clams and cross-claims that are asserted against her upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the Court grants Foddai's motion, and dismisses the claims and the cross-claims that are asserted against her.

## DISCUSSION

### I. Standards

The Court is guided by the following standards in resolving Foddai's motion to dismiss.

#### A. Rule 12(b)(1)

It is not necessary for this Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(1), because that standard has been already enunciated. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (setting forth the standard, and explaining *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977), *Petruska v. Gannon Univ.*, 462 F.3d 294 (3d Cir. 2006), and *Constitution Party of Pa. v. Aichele*, 757 F.3d 347 (3d Cir. 2014)).

#### B. Rule 12(b)(6)

It is also not necessary for this Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(6), because that standard has been already

4

enunciated. *See Palakovic v. Wetzel*, 854 F.3d 209, 219–20 (3d Cir. 2017) (setting forth the standard, and explaining *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining *Iqbal* and *Twombly*).

### C. Section 1983 and the NJCRA

"Section 1983 creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017) (citations and internal quotation marks omitted).

The NJCRA does the same for the federal constitution, as well as for the New Jersey state constitution. *See* N.J.S.A. 10:6-2(c) (stating that "[a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief").

As a result, "[t]he NJCRA is interpreted as analogous to § 1983," *Szemple v. Corr. Med. Servs., Inc.*, 493 F. App'x 238, 241 (3d Cir. 2012), and a court "will analyze . . . NJCRA claims through the lens of § 1983." *Trafton v. City of Woodbury*, 799 F. Supp.

5

2d 417, 444 (D.N.J. 2011); *see Estate of Martin v. U.S. Marshals Serv. Agents*, 649 F. App'x 239, 245 n.4 (3d Cir. 2016) (holding that "it appears undisputed that Plaintiffs' claims under the New Jersey Constitution and the New Jersey Civil Rights Act trigger the same legal elements and principles as . . . [the] federal causes of action [under Section 1983]"). Thus, the Court's analysis of Oliveira's Section 1983 claims that are asserted against Foddai will also apply to his NJCRA claims that are asserted against Foddai.

## II.   Foddai

### A.   Immunity

A state prosecutor such as Foddai is "entitled to varying levels of immunity from suit pursuant to § 1983." *Jerrytone v. Musto*, No. 01-1861, ECF No. 153, slip op. at 7 (M.D. Pa. Sept. 30, 2004), *aff'd*, 167 F. App'x 295 (3d Cir. 2006). For a state prosecutor, there are "two kinds of immunities under § 1983: qualified immunity and absolute immunity." *Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006).

A prosecuting attorney in the State of New Jersey "who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution" is absolutely immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Moore v. Middlesex County Prosecutor's Office*, 503 F. App'x 108, 109 (3d Cir. 2012). The protection afforded by absolute immunity also extends to the prosecutor's decisions that would ordinarily lead up to an eventual indictment. *See Ray v. New Jersey*, 219 F. App'x 121, 125 (3d Cir. 2007). However, a prosecutor's actions that are taken in an investigative or administrative capacity may be protected by qualified immunity only. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992).

### B. Absolute immunity

Here, Oliveira alleges that Foddai made a recommendation to Cappelluti and Pinto to arrest him, even though Foddai allegedly failed to review certain video evidence of the crime before making that recommendation. (ECF No. 42 at 8–9.) Of course, at this stage of the proceedings, the Court must accept Oliveira's allegations concerning Foddai's conduct as being true. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

Nevertheless, Foddai's conduct as alleged by Oliveira entitles Foddai to the protection of absolute immunity, because it is now well-settled law that the approval of an arrest of an individual and the subsequent filing of charges against that individual "are at the core of the prosecutorial function." *Munchinski v. Solomon*, 618 F. App'x 150, 154 (3d Cir. 2015) (holding that a prosecutor was entitled to absolute immunity from the plaintiff's claim that the prosecutor ignored inconsistent evidence in determining whether there was probable cause to arrest and charge him); *see also Humphries v. Houghton*, 442 F. App'x 626, 628–29 (3d Cir. 2011) (affirming the district court's dismissal of the claims asserted against a prosecutor on the basis of absolute immunity, where the claims centered on the prosecutor's role in the plaintiff's "*arrest*, indictment, and conviction") (emphasis added). Indeed, "[p]rosecutors enjoy absolute immunity . . . for evaluation of evidence collected by investigators, and for failure to conduct [an] adequate investigation before filing charges." *Jerrytone v. Musto*, 167 F. App'x 295, 300 (3d Cir. 2006) (citations omitted); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012)

(affirming the district court's dismissal of a plaintiff's claim against a prosecutor on absolute immunity grounds, where the plaintiff "alleged that [the prosecutor] failed to verify the information that he received from [a police detective] before agreeing that charges should be brought"); *Hyatt v. County of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (extending absolute prosecutorial immunity to the prosecutor who charged and indicted the plaintiff, because "the decision to charge a suspect is one of the primary tasks of a prosecutor").

To be clear, the Court would be hesitant to dismiss the claims that are asserted against Foddai on the basis of absolute immunity if she were an active participant in the underlying investigation. *See, e.g., Burns v. Reed*, 500 U.S. 478, 481–82, 493 (1991) (holding that a prosecutor was not entitled to absolute immunity for advising the police officers *during* the investigation of a crime to interrogate a suspect by using hypnosis). However, Foddai's alleged conduct in recommending Oliveira's arrest *after* the police had conducted an investigation is squarely within the prosecutorial functions that afford her absolute immunity here. *See Munchinski*, 618 F. App'x at 154; *see also Kalina v. Fletcher*, 522 U.S. 118, 130 (1997) (holding that a determination of probable cause in the context of an arrest is a prosecutorial function). Therefore, Oliveira's claims that are asserted against Foddai are dismissed.

### C. Qualified immunity

Although the Court will grant Foddai's motion on the basis of absolute immunity, the Court will also address the alternative possibility that Foddai could be protected by

qualified immunity. *See Yarris*, 465 F.3d at 140 (noting that when a district court determines whether a prosecutor is immune from a Section 1983 claim, it would be helpful for the purposes of a potential appeal if that district court were to address both absolute and qualified immunity in the first instance).

In determining whether Foddai would be entitled to qualified immunity, the Court "must ask whether the conduct alleged by the plaintiff violated a clearly established principle of constitutional or statutory law[, and] [i]f so, . . . whether the unlawfulness of the action would have been apparent to an objectively reasonable official." *Walter v. Pike County, Pa.*, 544 F.3d 182, 191 (3d Cir. 2008) (internal quotation marks and citation omitted).

The Court holds that even if Foddai were not absolutely immune from liability here, she would be entitled to qualified immunity from liability. *See Yarris*, 465 F.3d at 139 (holding that "[p]rosecutors who are not entitled to absolute immunity from a plaintiff's claims may nonetheless be entitled to qualified immunity from those same claims"). Foddai's alleged failure to review certain video evidence of the crime before recommending Oliveira's arrest is not tantamount to directing an arrest "in bad faith or with an improper motive." *Bowser v. Borough of Freehold*, 99 F. App'x 401, 404 (3d Cir. 2004) (holding that a prosecutor was "entitled to both prosecutorial and qualified immunity"); *cf. Schneyder v. Smith*, 653 F.3d 313, 331 (3d Cir. 2011) (affirming the district court's denial of qualified immunity to a prosecutor who directed the detention of the plaintiff for an extended period of time without judicial authorization, because the prosecutor's conduct was an example of "self-evident wrongfulness").

Foddai's simple act of recommending that Cappelluti and Pinto arrest Oliveira based upon the review by those police officers of the video evidence "did not violate clearly established constitutional rights of which a reasonable person would have known." *Mierzwa v. City of Garfield*, 170 F. App'x 212, 215 (3d Cir. 2005) (affirming the district court's conclusion that a prosecutor was entitled to qualified immunity from the plaintiff's claim that the prosecutor mishandled the investigation underlying the criminal charges that were brought against the plaintiff); *see also T.F.R. v. Morris County Prosecutor's Office*, No. 16-5407, 2017 WL 349377, at *3 (D.N.J. Jan. 24, 2017) (holding that a prosecutor was entitled to qualified immunity for recommending that there was probable cause to arrest the plaintiff based on, among other things, a video showing a perpetrator who was similar in height to the plaintiff).

### D. The Cross-Claims

The Court has now dismissed Oliveira's claims against Foddai. As a result, the cross-claims for contribution and indemnification that are asserted against Foddai by the Borough, the NAPD, Cappelluti, and Pinto are also dismissed. *See Jones-Soderman v. McVeigh*, 424 F. App'x 181, 183 n.2 (3d Cir. 2011) (holding that the district court effectively dismissed a first defendant's cross-claims for indemnification and contribution against a second defendant when the district court dismissed the plaintiff's claims that were asserted against the second defendant).

## CONCLUSION

For the aforementioned reasons, this Court: (1) grants Foddai's motion to dismiss the claims and the cross-claims that are asserted against her on the basis of absolute immunity; and (2) dismisses all of the claims and cross-claims that are asserted against Foddai.

The Court will enter an appropriate order.

JOSE L. LINARES
Chief Judge, United States District Court

Dated: January 3rd, 2018